**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 20 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN POTTER,<br><br>        Plaintiff-Appellant,<br><br> v.<br><br>BLUE SHIELD OF CALIFORNIA LIFE & HEALTH INSURANCE COMPANY,<br><br>        Defendant-Appellee. | No.   17-56018<br>        17-56020<br><br>D.C. No.<br>8:14-cv-00837-DOC-KES<br><br><br>MEMORANDUM[*] |
| JOHN POTTER,<br><br>        Plaintiff-Appellee,<br><br> v.<br><br>BLUE SHIELD OF CALIFORNIA LIFE & HEALTH INSURANCE COMPANY,<br><br>        Defendant-Appellant. | No.   17-56023<br><br>D.C. No.<br>8:14-cv-00837-DOC-KES |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted February 8, 2019
Pasadena, California

---

     [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  WARDLAW and BEA, Circuit Judges, and MURPHY,[**] District Judge.

In this Employee Retirement Income Security Act of 1974 (ERISA) action, John Potter appeals the district court's denial of his motion to supplement the administrative record, judgment in favor of defendant Blue Shield of California Life and Health Insurance Company (Blue Shield), and reduction of Potter's attorney's fees.  Blue Shield cross-appeals the district court's grant of attorney's fees to Potter.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.    The district court did not abuse its discretion in denying Potter's motion to supplement the administrative record with a declaration from his son Nicholas's treating psychiatrist.  The district court properly found that Potter could have submitted the declaration during the administrative process and that circumstances did not "*clearly establish* that additional evidence is *necessary* to conduct an adequate de novo review of the benefit decision." *Opeta v. Nw. Airlines Pension Plan for Contract Emps.*, 484 F.3d 1211, 1217 (9th Cir. 2007) (emphasis in original) (citation omitted); *see also Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1091 (9th Cir. 1999).  The district court conducted a thorough de novo review of the medical records in the administrative record, and did not abuse its discretion in finding that the psychiatrist's declaration was not necessary in

---

[**]    The Honorable Stephen J. Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

determining medical necessity.

2.   The district court did not clearly err in finding that Nicholas's residential mental health treatment from July to December 2012 was not medically necessary as defined by the plan documents. *Metro. Life Ins. Co. v. Parker*, 436 F.3d 1109, 1113 (9th Cir. 2006). To meet his burden to demonstrate medical necessity, *Muniz v. Amec Constr. Mgmt., Inc.*, 623 F.3d 1290, 1294 (9th Cir. 2010), Potter needed to show that the treatment was at the most appropriate level of care. The district court did not clearly err in finding that Nicholas could have been safely and effectively treated on an outpatient basis rather than at a residential treatment center. The record showed that during the uncovered period Nicholas was improving, his doctors had decreased his medication, Nicholas did not run away from the facility (unlike his many elopements in the previous period), and Nicholas was able to attend college courses and hold occasional jobs—thus he did not require care twenty-four hours a day.

3.   The district court did not abuse its discretion in awarding Potter attorney's fees and reducing those fees by 70% in light of Potter's limited success. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). First, the district court acted within its discretion to find that Potter had achieved "some degree of success on the merits," *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 245 (2010), and that the *Hummell* factors—including Blue Shield's

ability to satisfy the fee award and the need to deter Blue Shield from allowing future miscommunications in the claims process—warranted an award of attorney's fees, *Hummell v. S. E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980). Second, the district court did not abuse its discretion in adjusting the fee award to 30% of the "lodestar" amount because Potter achieved limited success by obtaining payment for only one month out of the total seven-and-a-half months of benefits sought. *Ryan v. Editions Ltd. W., Inc.*, 786 F.3d 754, 764 (9th Cir. 2015) ("The district court certainly was permitted, and in fact required, to analyze whether [Plaintiff] achieved only limited success in the underlying litigation and how her requested fee award should be reduced to account for her limited degree of success.").

**AFFIRMED.**[1]

---

[1]  Each side is to bear its own costs of appeal.